**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ADM INVESTOR SERVICES, INC. | ) | |
| | ) | |
| Movant, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| FLUXO-CANE OVERSEAS, LTD., and | ) | |
| MANOEL FERNANDO GARCIA, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION TO CONFIRM ARBITRATION AWARD**

ADM Investor Services, Inc. ("ADMIS"), by and through its undersigned counsel, moves this Court for confirmation of the May 18, 2010 Arbitration Award entered in Movant's favor and against Respondents Fluxo-Cane Overseas, Ltd. (Fluxo-Cane) and Manoel Fernando Garcia in the National Futures Association arbitration entitled *In the Matter of the Arbitration Between ADM Investor Services, Inc. v. Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia*, Case No. 08-ARB-182 (the "Arbitration").

**INTRODUCTION**

1.     This Motion is brought pursuant to Chapter 2 of the Federal Arbitration Code, 9 U.S.C. § 201, *et seq.*, which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention").

2.     In the alternative, this Motion is brought pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

**THE PARTIES**

3.     Movant ADMIS is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. Respondent Fluxo Cane is a corporation organized under the laws of the British Virgin Islands with its principal place of business in Sao Paolo, Brazil. Fluxo-Cane is a citizen of the United Kingdom, a signatory to the New York Convention, *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.,* 536 U.S. 88 (2002), and of Brazil, also a signatory to that Convention.

5. Respondent Manoel Fernando Garcia, the sole shareholder and President of Fluxo-Cane, is a citizen of Brazil.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter under 9 U.S.C. § 203 because it involves the enforcement of an arbitration award against citizens of foreign states who are domiciled and have their principal place of business outside the United States, and because it involves transactions in interstate and foreign commerce. *Jain v. De Mere*, 51 F.3d 686 (7th Cir. 1995). Therefore, pursuant to 9 U.S.C. § 202, the Agreement to Arbitrate and Arbitration Award, both hereinafter described, fall within the New York Convention.

7. Venue lies in this district under 9 U.S.C. § 204 because it is a district in which, save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could be brought.

8. In the alternative, Movant alleges that this Court has jurisdiction over this matter under the Federal Arbitration Act, 9 U.S.C. §1-16, based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2). Movant ADMIS is a citizen of the States of Delaware and Illinois, on the one hand, and respondents, on the other hand, are citizens of foreign states. The amount in controversy exceeds $75,000.00 because ADMIS' original claim for $157,151.33 was the amount at stake in the arbitration of the underlying dispute. *America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 786-787 (7th Cir. 2004).

## FACTUAL AND PROCEDURAL BACKGROUND

9. ADMIS, on the one hand, and Fluxo-Cane and Mr. Garcia, on the other hand, are parties to an Agreement to Arbitrate Before the National Futures Association, dated August 4, 2008, a duly certified copy of which is attached as Exhibit 1 hereto.

10. As set forth in the Agreement to Arbitrate, the parties agreed to arbitrate all disputes between them relating to certain trading activity by Fluxo-Cane of sugar futures and options on sugar futures on the contract market operated by ICE Futures U.S.

11. On November 20, 2008, pursuant to that Agreement to Arbitrate, ADMIS filed an arbitration claim with NFA against Fluxo-Cane and Garcia to collect a deficit balance of $157,151.33 in Fluxo-Cane's account, which claim fell within the Agreement to Arbitrate.

12. On January 15, 2009, pursuant to that Agreement to Arbitrate, Fluxo-Cane filed certain arbitration counterclaims against ADMIS which fell within the Agreement to Arbitrate.

13. The parties also asserted certain defenses to each other's claims, all of which fell within the Agreement to Arbitrate.

14. From April 13 through April 16, 2010, an arbitration hearing was held between the parties before a three member Arbitration Panel of the National Futures Association.

15. On April 21, 2010, the Panel issued the Award, and on May 18, 2010, the National Futures Association served the award on the parties. A duly certified copy of the Award is attached as Exhibit 2.

16. The Award awarded ADMIS compensatory damages of $56,500.00 for which Fluxo-Cane and Mr. Garcia were held jointly and severally liable.

17. The Award denied all of Fluxo-Cane's counterclaims against ADMIS in their entirety and dismissed them with prejudice.

18. ADMIS now moves this Court to confirm the Award in accordance with 9 U.S.C. § 207, or in the alternative, in accordance with 9 U.S.C. § 9.

## COSTS AND ATTORNEYS' FEES

19. The Customer Agreement executed by and between ADMIS and Fluxo-Cane provides that Fluxo-Cane shall "pay . . . ADMIS's costs and attorney's fees incurred in collecting any such deficit [in Fluxo-Cane's account] or defending claims brought by Customer in which ADMIS is the prevailing party."

20. Pursuant to that provision, ADMIS is entitled to an award against Fluxo-Cane of the costs and attorneys' fees incurred in confirming the Award.

**WHEREFORE**, Movant ADM Investor Services, Inc. respectfully requests that this Court enter a judgment:

a. Confirming the Award against Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia;

b. Awarding ADMIS costs and attorney's fees; and

c. Granting ADM Investor Services, Inc. such other and further relief as this Court deems just and proper.

\*   \*   \*   \*

Dated: May 27, 2010

Respectfully submitted,

 /s/ Constantine John Gekas
Constantine John Gekas
 CJG@gekaslaw.com
John C. Gekas
 JGekas@gekaslaw.com
GEKAS LAW LLP
11 South LaSalle, Suite 1700
Chicago, IL 60603
Tel: (312) 726-4501
Fax: (312) 726-4505

AGREEMENT TO ARBITRATE
BEFORE THE NATIONAL FUTURES ASSOCIATION

1. Fluxo-Cane Overseas, Ltd. ("Fluxo-Cane") is a corporation organized under the laws of the British Virgin Islands. As part of its business, Fluxo-Cane traded in sugar futures and option contracts on a contract market operated by ICE Futures U.S. (hereinafter referred to as "ICE").

2. Manoel Fernando Garcia ("Mr. Garcia") is a citizen and resident of Brazil and is the sole shareholder and President of Fluxo-Cane.

3. ADM Investor Services, Inc., ("ADMIS") is a Delaware corporation with its principal place of business in Chicago, Illinois. ADMIS is a futures and options broker and clearing house trading on the ICE Exchange, among others.

4. At certain times, Fluxo-Cane had an account with ADMIS to facilitate the trading of sugar futures and options on sugar futures on the ICE Exchange.

5. Certain disputes have arisen between the parties related to matters covered by agreements among the parties and in regard to trading in Fluxo-Cane's account at the ICE Exchange in early 2008.

6. On or about March 11, 2008, ADMIS filed a Notice of Arbitration with ICE asserting claims against Fluxo-Cane and Mr. Garcia and requesting an award of US $157,171 for monies allegedly owed to ADMIS as a result of trading on ICE. Fluxo-Cane and Mr. Garcia assert among other things that ICE does not have jurisdiction over the dispute.

7. On or about July 2, 2008, Fluxo-Cane and Mr. Garcia filed a Complaint in the Circuit Court of Cook County, Illinois seeking an order and judgment temporarily, preliminarily and permanently enjoining ADMIS from pursuing the arbitration before ICE and finding that Fluxo-Cane and Mr. Garcia have the contractual right to elect the arbitral forum to resolve any arbitrable disputes. On or about July 7, 2008, the Circuit Court of Cook County, Illinois entered an order temporarily restraining the ICE arbitration for a period of 45-days. On July 31, 2008, the Circuit Court denied ADMIS's Motion to Dissolve that Injunction, from which Order ADMIS is considering whether to appeal.

8. In an effort to resolve the disagreement without further procedural litigation, Fluxo-Cane, Mr. Garcia and ADMIS (the "Parties") hereby agree, for the mutual and sufficient consideration of foregoing their respective rights in the proceedings referred to above, to submit all the claims asserted by ADMIS in the Notice of Arbitration, or any other claims that ADMIS may assert against Fluxo-Cane and Mr. Garcia, and any counter-claims that Fluxo-Cane and Mr. Garcia may have against

Exhibit 1

ADMIS related thereto (collectively, "the Dispute"), to arbitration before the National Futures Association ("NFA") in New York, New York.

9. ADMIS shall not, pursuant to Article III, ¶ 3023.1 (c) of NFA rules or otherwise, request NFA to determine if ICE rules require the Dispute to be resolved in arbitration before ICE, as this is the precise issue the Parties are presently litigating before the Circuit Court of Cook County, Illinois and are attempting to resolve by this Agreement.

10. If the NFA on its own accord denies, rejects, or otherwise refuses jurisdiction over the Dispute or any of the Parties pursuant to its own rules or for any other reason, the Parties shall attempt to agree on another forum, other than ICE. If NFA, or another mutually agreeable forum, accepts final jurisdiction of the Dispute, ADMIS will dismiss the Notice of Arbitration filed before ICE and Fluxo-Cane and Mr. Garcia will move to dismiss the Complaint pending before the Circuit Court of Cook County. If neither NFA nor another mutually agreeable forum accepts final jurisdiction of the Dispute, upon five days notice either party may give the other a Notice of Election to return to the status quo as it exists on the date of the execution of this Agreement, that is, the pendency of the ICE arbitration and the pendency of the Circuit Court action, and neither this Agreement nor any actions taken by either party in connection therewith shall be deemed or construed in any way to limit the rights, arguments, claims or defenses that any party might choose to assert in either of those proceedings, or in any other proceeding that might arise between the parties.

11. To accommodate this Agreement, ADMIS will forego its right to appeal the July 31, 2008 Order denying its Motion to Dissolve but will not file an answer in the Circuit Court action and the Parties will jointly request that the Circuit Court of Cook County extend the term of the TRO entered on July 7, 2008 until the NFA, or another mutually agreeable forum other than ICE, accepts final jurisdiction to hear the Dispute, or until the Parties otherwise inform the Court that an agreed forum cannot be reached, at which time the litigation before the Circuit Court will resume with the status quo as of the date of this Agreement restored. If for some reason the Circuit Court does not so extend the TRO, the Parties agree to suspend the pending ICE arbitration until the NFA, or another mutually agreeable forum other than ICE, accepts final jurisdiction to hear the Dispute, or until the Parties otherwise inform the Court that an agreed forum cannot be reached. In the event that the Circuit Court action becomes active again for any reason, ADMIS shall have an additional five days within which to file its answer and Fluxo-Cane and Mr. Garcia shall not make any argument that ADMIS's failure to file an answer earlier constituted a default, and further will not seek any relief from the Court on the grounds that ADMIS has not filed its answer.

12. Fluxo-Cane's election made pursuant to the Arbitration Agreement between the Parties will remain as set forth in the letter of election dated July 30, 2008 until such time as the NFA, or another mutually agreeable forum, accepts final jurisdiction of the Dispute. However, ADMIS will not be required to respond to the letter of

election dated July 30, 2008 until 30 days after the NFA (or any other forum the parties agreed to as provided above) refuses to hear the Dispute.

13. The Parties agree that it is difficult to place a precise monetary value on the rights created by this Agreement and agree that this Agreement may be enforceable by equitable relief. This Agreement shall be governed by the laws of the State of Illinois and any disputes arising thereunder shall be resolved by any court located in Cook County, Illinois.

14. This Agreement shall be the only agreement between the Parties relating to the subject matter hereof and any modifications to such agreement must be in writing signed by representatives of both Parties. The parties agree that NFA (or any other forum the parties agreed to as provided above) shall have jurisdiction to resolve the Dispute. The parties further agree that the Dispute shall be submitted to NFA (or any other forum the parties agreed to as provided above) for resolution, and if not so submitted shall be forever barred.

15. Kobre & Kim, LLP shall be authorized to sign this Agreement and accept service on behalf of Fluxo-Cane and Mr. Garcia of any claim issued by ADMIS pursuant to Paragraphs 8 and 10 above and service on Kobre & Kim LLP shall constitute valid and effective service upon Fluxo-Cane and Mr. Garcia.

16. Gekas & Associates Ltd. shall be authorized to sign this Agreement on behalf of ADMIS, and Thomas Casey shall be authorized to accept service on behalf of ADMIS of any claim issued by Fluxo-Cane and/or Mr. Garcia pursuant to Paragraphs 8 and 10 above and service on Gekas & Associates Ltd. and/or Thomas Casey shall constitute valid and effective service upon ADMIS.

REMAINDER OF THIS PAGE INTENTIONALLY BLANK

By __*[signature]*__

KOBRE & KIM LLP

*One of the Counsel for Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia*

Dated: August 1, 2008

By __*[signature]*__

GEKAS & ASSOCIATES Ltd.

*One of the Counsel for ADMIS*

Dated: August 1, 2008

4

## CERTIFICATION

Pursuant to 28 U.S.C. §1746, Thomas L. Casey certifies that the foregoing document is a true and correct copy of the Agreement to Arbitrate Before the National Futures Association, dated August 4, 2008, between ADM Investor Services, Inc., on the one hand, and Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia, on the other hand.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2010

_____
Thomas L. Casey
Vice President of Administration and Regulatory Affairs
ADM Investor Services, Inc.



### AFFIDAVIT OF CHRISTINE J. ROCHE

I, Christine J. Roche, state the following under oath on May 27, 2010:

1. I am employed by National Futures Association (NFA), as the Manager of Arbitration and Mediation. I am the custodian of records for the Arbitration and Mediation program.

2. I have attached a true and correct copy of the Award issued in NFA Arbitration matter <u>08-ARB-182 – ADM Investor Services, Inc. v. Fluxo-Cane Overseas Ltd. f/k/a Cane International Corp. Ltd., et al.</u> I hereby certify that the attached Award-

    a. was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b. was kept in the course of the regularly conducted activity; and

    c. was made by the regularly conducted activity as regular practice.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

NATIONAL FUTURES ASSOCIATION

Dated: 5/27/2010

_Christine J. Roche_

Subscribed and sworn to me
on this 27th day of May, 2010

_Notary Public_

OFFICIAL SEAL
JUDITH JENKS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES MAY 27, 2012

Exhibit 2



-2-

We, the Arbitrators appointed to hear and decide this matter, have unanimously determined the following relief shall be granted in accordance with the Code of Arbitration ("Code") of National Futures Association.

Respondents Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia are jointly and severally liable for the following Award and shall pay to Claimant ADM Investor Services, Inc.:

| | |
|---|---|
| Compensatory Damages | $ 56,500.00 |
| Punitive Damages | $ 0.00 |
| Treble Damages | $ 0.00 |
| Interest | $ 0.00 |
| Attorney's Fees | $ 0.00 |
| Other Costs | $ 0.00 |
| Total Amount of Award | $ 56,500.00 |

All counterclaims of Fluxo-Cane Overseas, Ltd. against ADM Investor Services, Inc. are hereby denied in their entirety and dismissed with prejudice.

All other relief requested is hereby denied and each party shall bear its own costs and fees as incurred.

_____   Date: April 21, 2010
James D. Yellen, Esq., Chairperson


_____   Date: April 21, 2010
Martin Hunger, Arbitrator


_____   Date: April 21, 2010
Ernest E. Badway, Esq., Arbitrator



-2-

We, the Arbitrators appointed to hear and decide this matter, have unanimously determined the following relief shall be granted in accordance with the Code of Arbitration ("Code") of National Futures Association.

Respondents Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia are jointly and severally liable for the following Award and shall pay to Claimant ADM Investor Services, Inc.:

| | |
|---|---|
| Compensatory Damages | $ 56,500.00 |
| Punitive Damages | $ 0.00 |
| Treble Damages | $ 0.00 |
| Interest | $ 0.00 |
| Attorney's Fees | $ 0.00 |
| Other Costs | $ 0.00 |
| Total Amount of Award | $ 56,500.00 |

All counterclaims of Fluxo-Cane Overseas, Ltd. against ADM Investor Services, Inc. are hereby denied in their entirety and dismissed with prejudice.

All other relief requested is hereby denied and each party shall bear its own costs and fees as incurred.

_____   Date: April 21, 2010
James D. Yellen, Esq., Chairperson

_____   Date: April 21, 2010
Martin Hunger, Arbitrator

_____   Date: April 21, 2010
Ernest E. Badway, Esq., Arbitrator



-2-

We, the Arbitrators appointed to hear and decide this matter, have unanimously determined the following relief shall be granted in accordance with the Code of Arbitration ("Code") of National Futures Association.

Respondents Fluxo-Cane Overseas, Ltd. and Manoel Fernando Garcia are jointly and severally liable for the following Award and shall pay to Claimant ADM Investor Services, Inc.:

| | |
|---|---:|
| Compensatory Damages | $ 56,500.00 |
| Punitive Damages | $ 0.00 |
| Treble Damages | $ 0.00 |
| Interest | $ 0.00 |
| Attorney's Fees | $ 0.00 |
| Other Costs | $ 0.00 |
| Total Amount of Award | $ 56,500.00 |

All counterclaims of Fluxo-Cane Overseas, Ltd. against ADM Investor Services, Inc. are hereby denied in their entirety and dismissed with prejudice.

All other relief requested is hereby denied and each party shall bear its own costs and fees as incurred.

_____  Date: April 21, 2010
James D. Yellen, Esq., Chairperson

_____  Date: April 21, 2010
Martin Hunger, Arbitrator

_____  Date: April 21, 2010
Ernest E. Badway, Esq., Arbitrator